## David Swift *versus* Ebenezer Crocker.

In an action upon a promissory note, it appeared, that the real estate of the defendant was attached before the note was signed, but that it was not intended, that the writ should be used for the attachment of personal estate until afterwards ; and personal estate was in fact attached after the note was signed. It was *held*, that the attachment of the real estate must be deemed the commencement of the action ; an l that, as the plaintiff had then no cause of action, the attachment, as well of the personal as of the real estate, was void.

Assumpsit on a promissory note for the sum of $ 225. The defendant did not appear ; but certain of his creditors, who had attached his property subsequently to the plaintiff's attachment, came in under the provisions of the statutes, alleged that the claim of the plaintiff was not due and payable at the time when this action was instituted, and prayed that the plaintiff's attachment might be dissolved.

At the trial, before *Dewey* J., it appeared, that the plaintiff, being surety for the defendant upon a note for the sum of $ 225, becoming due in June, 1837, and being desirous of obtaining security against such liability, executed a bond indemnifying the defendant against all liability on that note, and also caused the writ in the present action to be prepared ; that the writ was placed in the hands of an officer, who, on May 13, 1837, at half past five o'clock P. M., attached certain real estate of the defendant ; that about sunset on the same day, an agent of the plaintiff went to the defendant, delivered the bond of indemnity and obtained from the defendant the note in suit ; and that after this took place, the plaintiff directed the officer to attach the personal property of the defendant.

It was admitted by the plaintiff, that the real estate was attached before the note in suit was signed by the defendant ; but it appeared, that it was not intended to use the writ for the purpose of making an attachment of personal property until the note should be signed ; and it was proved by parol evidence, that no personal property was in fact attached until afterwards.

It further appeared, that the plaintiff had, long before the trial, paid the note upon which he was surety for the defendant.

If upon such of the foregoing facts as were proved by competent evidence, the Court should be of opinion, that, under

VOL. XXI        ·        16

the provisions of the statute, the attachment of the plaintiff ought to be dissolved, either in whole or in part, the proper order was to be made to that effect; if otherwise, judgment was to be entered for the plaintiff.

*Oct. 24th.*

*C. J. Holmes*, for the plaintiff, to the point, that the execution of the bond of indemnity by the plaintiff formed a good consideration for the note in suit, cited *Cushing v. Gore*, 15 Mass. R. 69 ; and to the point, that the Court would consider the action as commenced at such time on May 13, 1837, as would best effect the purposes of justice, *Badger v. Phinney*, 15 Mass. R. 359 ; *Robinson v. Burleigh*, 5 New Hampsh R. 225. [See *Seaver v. Lincoln, post*, 267.] The attachment may be dissolved as to the real estate and remain in force as to the personal.

*Miller*, for the defendant, cited Revised Stat. *c.* 90, § 83, and *c.* 120, § 1 ; *Brigham v. Este*, 2 Pick. 420 ; *Rathbone v. Rathbone*, 5 Pick. 221 ; *Pierce v. Jackson*, 6 Mass. R. 242

*Oct. 26th.*

DEWEY J. delivered the opinion of the Court. Was the claim of the plaintiff due and payable at the time of instituting his suit ? If not, the subsequent attaching creditors will sustain their petition, and the attachment by the plaintiff must be dissolved.

The mere liability of one as a surety for another on a note not yet due, will not of itself give a cause of action against the principal in favor of the surety. It may however furnish a good consideration for a promissory note, upon a promise, either express, or implied by law, on the part of the surety, that he will pay and discharge the debt of his principal ; and such a note may be the foundation of an action and a valid attachment, at least to the extent of the actual payment made by the surety before taking judgment in his action.

In the present case, had the note and bond of indemnity been executed seasonably, no question could have arisen as to the legality of the claim of the plaintiff. Nor would the mere filling up of the writ before the execution of the note and bond, be necessarily fatal to the action. A writ may be considered as made at such time as it was in fact designed by the plaintiff for actual use, where the justice of the case requires

it. If the plaintiff can show that his writ was only to be used upon a certain contingency, he is allowed so to do. If it were placed in the hands of an officer with directions not to serve it until after some other act was done, it may be considered as made after the performance of such act. The difficulty in the present case arises from the fact, that the writ was actually used for some purposes before the signing of the note declared upon ; although it was not intended to be used for the purpose of making an attachment of personal estate until afterwards, yet there was an attachment of real estate returned on the writ prior to the execution of the note. When this attachment was made, the suit was instituted, and the right of the plaintiff to consider the writ as made prospectively and only to be used on a certain contingency, could not be further extended. The claim demanded in this action was not therefore justly due and payable at the time of instituting the suit, and the attachment must be dissolved.